IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY WHITNEY NORMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-0624 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Pending before the Court is petitioner's Rule 60(b)(6) motion (Docket Entry No. 107) and a request for the undersigned judge to recuse himself from ruling on the motion (Docket Entry No. 106). Recusal will be denied and the Rule 60(b)(6) motion dismissed, as follows.

*Procedural Background*

Petitioner filed a section 2254 habeas petition challenging his 2011 conviction and twenty-two year sentence for the murder of his wife. The Court denied habeas relief and dismissed the case on December 11, 2013, and the Fifth Circuit Court of Appeals denied a certificate of appealability on January 8, 2015. Petitioner filed a Rule 60(b) motion for relief on April 14, 2015, alleging new evidence of his innocence and re-asserting substantive claims already raised and rejected in his prior proceedings. The Court dismissed the motion for want of jurisdiction on April 16, 2015, and informed petitioner that authorization from the Fifth Circuit was required to pursue his claims. The United States Supreme Court denied certiorari as to the denial of habeas relief on June 8, 2015. The Fifth Circuit Court of

Appeals subsequently denied petitioner authorization to file a successive habeas petition on November 19, 2015.

Petitioner again challenges his conviction in this his second Rule 60(b) motion, and moves for recusal of the undersigned judge so that a different judge can rule on the motion.

*Recusal*

Petitioner filed an earlier motion for recusal on December 10, 2015 (Docket Entry No. 104), which was dismissed for want of jurisdiction on December 14, 2015, as no other motions were pending at the time. Petitioner's instant motion (Docket Entry No. 106) requests reconsideration of the earlier motion for recusal. Because the pending motion for reconsideration itself does not conform to the requirements of 28 U.S.C. § 144, the Court will rely on the earlier motion for recusal.

Once a motion for recusal is filed, the judge must pass on the sufficiency of the affidavit, but may not pass on the truth of the matters alleged. *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990). The grounds and allegations set forth by petitioner here in his affidavit for recusal (Docket Entry No. 104) ultimately arise from his disagreements and dissatisfaction with the Court's prior rulings in this case. The Supreme Court has made clear that opinions formed by a judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or a partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v.*

*United States*, 510 U.S. 540, 555 (1994). Petitioner here shows nothing beyond the type of rulings normally made by a federal judge in the course of habeas litigation, which is insufficient to warrant recusal under *Liteky*. This is particularly true in the instant case, as both the Fifth Circuit Court of Appeals and the United States Supreme Court have found no favor with petitioner's challenges to his conviction and to this Court's rulings in his habeas proceedings.

Petitioner also claims that the undersigned had a pecuniary interest in the outcome of the habeas case in that the undersigned is a tax payer and allowing petitioner to pursue an appeal would likely subject the undersigned to payment of additional taxes. He further posits that the undersigned has apparently joined a criminal conspiracy initiated by police officers, witnesses, and prosecutors to keep petitioner in prison. These bare assertions are speculative and unsupported, and are insufficient to warrant recusal or further action under *Liteky*.

In sum, petitioner's affidavit presents speculation, personal opinions, and nonspecific conclusory allegations, and is insufficient to warrant further action. *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982). The motion for reconsideration of recusal (Docket Entry No. 106) is DENIED.

*Rule 60(b)(6)*

In his pending Rule 60(b)(6) motion, petitioner again challenges the Court's denial of habeas relief and sets forth arguments that have been repeatedly rejected by the state courts, this Court, the Fifth Circuit Court of Appeals, and the United States Supreme Court.

Thus, at issue is whether petitioner's Rule 60(b)(6) motion stands as a successive habeas petition under the criteria set forth in *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). If so, the motion must be dismissed for want of jurisdiction. It is undisputed that the Fifth Circuit has not authorized petitioner to pursue a successive habeas petition.

Under *Gonzalez*, a federal court examining a Rule 60(b) motion should determine whether it presents either (1) a new habeas claim—defined as "an asserted federal basis for relief from a state court's judgment of conviction," *id.* at 530, or (2) "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief," *id*. at 532. If either is true, then the Rule 60(b) motion constitutes a successive habeas petition. *See* 28 U.S.C. § 2242(b).

Because it challenges this Court's prior denial of habeas relief on the merits of petitioner's claims, the instant Rule 60(b)(6) motion stands as a successive habeas petition, and must be dismissed without prejudice for want of jurisdiction. Petitioner must obtain authorization from the Fifth Circuit Court of Appeals to pursue the arguments raised in his motion.

Assuming petitioner's Rule 60(b)(6) motion were not an unauthorized successive habeas petition, the motion would be denied as untimely. Federal Rules of Civil Procedure Rule 60(c)(1) requires that a motion under Rule 60(b)(6) must be made within a "reasonable

time." The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). Once a party has grounds to make a Rule 60(b) motion, the party must bring the motion in a reasonably timely manner. *Id*. at 121. Petitioner's arguments here attack the Court's Memorandum Order and Opinion of December 11, 2013. Accordingly, his Rule 60(b)(6) motion, filed over two years after that ruling, was not filed within a reasonable time. *See Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). Moreover, petitioner fails to demonstrate exceptional circumstances sufficient to justify a Rule 60(b)(6) motion. *See Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).

*Conclusion*

Petitioner's motion for reconsideration of recusal (Docket Entry No. 106) is DENIED.

Petitioner's Rule 60(b)(6) motion (Docket Entry No. 107) is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION as an unauthorized successive habeas petition. A certificate of appealability is DENIED.

Signed at Houston, Texas on February 8, 2016.

_____
Gray H. Miller
United States District Judge